IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

RANDY LEE RINDAHL,

                Plaintiff,

v.                                                            OPINION and ORDER

T. EVERS, B. SCHIMEL, R. PAULSON, S. LARSON,           19-cv-154-jdp
B. KRUSE, and S. WALKER,

                Defendants.

---

Plaintiff Randy Lee Rindahl, appearing pro se, is a state of South Dakota inmate. He alleges that state of Wisconsin officials fraudulently reported to South Dakota officials another prisoner's criminal history as his own, which led to him being denied parole. Rindahl seeks leave to proceed *in forma pauperis*, but I conclude that he is ineligible for that status under 28 U.S.C. § 1915(g).[1]

This court has previously allowed Rindahl to proceed *in forma pauperis* in this court despite the United States District Court for the District of South Dakota concluding that Rindahl had three "strikes" under 28 U.S.C. § 1915(g): this court concluded that only two of the cases that the South Dakota district court had assessed as strikes would count as strikes under the standards articulated by the Court of Appeals for the Seventh Circuit. *See Rindahl v. Daugaard*, No. 11-cv-121-slc (May 9, 2011) (citing *Turley v. Gaetz*, 625 F.3d 1005, 1012 (7th Cir. 2010)). But since then, Rindahl incurred a strike in another District of South Dakota case. *See Rindahl v. McCloud*, No. 08-cv-4041-KES (D.S.D. Feb. 4, 2013) (recounting Rindahl's

---

[1] Rindahl has filed a motion asking for his case "to be brought forth." Dkt. 5. I will grant that motion and consider his complaint in this opinion.

various futile attempts to amend his complaint to state a claim upon which relief could be granted); *see also Rindahl v. Pristen*, No. 13-cv-4078-RAL (discussing Rindahl's strike history, including his strike in the '4041 case). I conclude that Rindahl's strike in the '4041 case counts as a strike under Seventh Circuit standards because the South Dakota court has concluded that further attempts to amend the complaint would be futile. *See Paul v. Marberry*, 658 F.3d 702, 705 (7th Cir. 2011) (dismissal while encouraging an amendment is not a strike). So I conclude that he has three strikes under § 1915(g).

That means that Rindahl cannot obtain indigent status under § 1915 in any suit he files during the period of his incarceration unless he alleges facts in his complaint from which an inference may be drawn that he is in imminent danger of serious physical injury. Rindahl's allegations about Wisconsin officials sending fraudulent criminal records to South Dakota parole officials do not meet this standard, so he cannot proceed *in forma pauperis* with this case. I will dismiss the case without prejudice. Rindahl may seek to reopen the case by submitting the entire $400 filing fee by the date set below.

If Rindahl seeks to reopen the case or file any other lawsuit in this court, he will have to address another issue. He was assessed a further sanction by the South Dakota district court: because he falsified a series of documents, the court required him to attach copies of the court's orders discussing his misconduct to any future complaint he files in any state or federal court. *See Rindahl v. Daugaard*, No. 11-cv-4082-KES, at 11–14 (D.S.D. Sept. 29, 2011). Rindahl did not attach those orders to his complaint in this case. Although this court is not bound by the sanctions decisions of other district courts, I am inclined to adopt the South Dakota sanction as this court's own, and I would consider dismissing this case outright for Rindahl's failure to follow the South Dakota district court's sanction order. But I will not take any further action

2

without giving Rindahl a chance to respond. So if he seeks to reopen this case, he must also show cause why the court should not dismiss his case for failing to comply with the South Dakota district court's order.

ORDER

IT IS ORDERED that:

1. Plaintiff Randy Lee Rindahl's motion for his case "to be brought forth," Dkt. 5, is GRANTED.

2. Plaintiff's request for leave to proceed *in forma pauperis* is DENIED because he is ineligible for *in forma pauperis* status under 28 U.S.C. § 1915(g).

3. This case is DISMISSED without prejudice. The clerk of court is directed to enter judgment for defendants and close the case. Plaintiff may have until July 24, 2019, to seek reopening of the case by paying the full $400 filing fee.

4. Should plaintiff seek to reopen this case, he may have until July 24, 2019, to show cause why he should not be sanctioned under the terms of the September 29, 2011 sanction order issued by the United States District Court for the District of South Dakota.

Entered July 3, 2019.

BY THE COURT:

/s/

_____
JAMES D. PETERSON
District Judge