IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

RANDY LEE RINDAHL,

              Plaintiff,

  v.                                                                          ORDER

T. EVERS, B. SCHIMEL, R. PAULSON, S. LARSON,          19-cv-154-jdp
B. KRUSE, and S. WALKER,

              Defendants.

---

Plaintiff Randy Lee Rindahl, appearing pro se, is a state of South Dakota inmate. He alleged that state of Wisconsin officials fraudulently reported to South Dakota officials another prisoner's criminal history as his own, which led to him being denied parole. Rindahl sought leave to proceed *in forma pauperis*, but I concluded that he is ineligible for that status under 28 U.S.C. § 1915(g), because he has "struck out" under § 1915(g) by having at least three previous cases dismissed for being frivolous, malicious, or failing to state a claim upon which relief may be granted. Dkt. 6, at 2. Rindahl's claims were not about him being placed in imminent danger of serious physical harm, so I dismissed the case and gave him a short time to reopen the case by paying the full $400 filing fee. *Id.* I also noted that Rindahl had failed to comply with a sanctions order issued by the United States District Court for the District of South Dakota telling him to attach copies of the court's orders discussing his previous misconduct—falsification of a series of documents—to any future complaint he filed. *Id.* I told him that if he sought to reopen his case, he must show cause why this court should not dismiss the case for failing to comply with the South Dakota district court's order. *Id.* at 3.

Rindahl has responded by filing two identical documents titled "Motion to Vacate." Dkt. 8 and Dkt. 10. Rindahl says that he did not strike out under § 1915(g), citing a ruling

from the Court of Appeals for the Fourth Circuit in one of his recent cases. *Rindahl v. Oliver*, No. 19-1412, 2019 WL 3072538 (4th Cir. July 15, 2019). The district court in that case dismissed Rindahl's case under the three-strike rule, but the court of appeals concluded that four of the five strikes mentioned by the district court should not be counted as strikes under Fourth Circuit law because they were dismissals *without prejudice* for failure to state a claim. *Id.* (citing *McLean v. United States*, 566 F.3d 391 (4th Cir. 2009)).

The problem for Rindahl is that *McLean* is not the law of this circuit. The Court of Appeals for the Seventh Circuit expressly considered the *McLean* decision and rejected that standard, concluding that "[a] dismissal is a dismissal, and provided that it is on one of the grounds specified in section 1915(g) it counts as a strike, whether or not it's with prejudice." *Paul v. Marberry*, 658 F.3d 702, 704 (7th Cir. 2011).

Rindahl says that he wants "the [c]ourt to address" *Coleman v. Labor & Indus. Review Comm'n of Wisconsin*, 860 F.3d 461 (7th Cir. 2017), a Seventh Circuit case citing *McLean*. But *Coleman* was about whether a magistrate judge could issue an order dismissing a case for failure to state a claim, without defendants having consented to the magistrate's jurisdiction. The court of appeals mentioned *McLean* in discussing how dismissals for failure to state a claim are generally considered dismissals "on the merits" for purposes of the magistrate-jurisdiction rules. *Id.* at 468. *Coleman* did not address the question whether dismissals without prejudice count as strikes, so that case does not provide any reason for me to reconsider my previous decision. As I stated in my previous order, Rindahl has three strikes under this circuit's standard, so he may not proceed *in forma pauperis* with his complaint containing non-imminent-danger claims.

I would ordinarily give Rindahl another chance to submit the $400 filing fee, but I conclude that regardless of the three-strikes issue, his complaint should be dismissed under the

sanctions he was given by the South Dakota district court. Rindahl did not submit copies of the district court's orders discussing his misconduct. Rindahl responded to my order to show cause by saying, without supporting evidence, that South Dakota prison officials violated his right to access the courts by "refusing to provide any means of Hard-Copy Case Law." Dkt. 8, at 3. It's unclear why he would need access to case law when the orders he needs were issued in his own case.

In any event, he says that he substantially complied with the sanction by mentioning it in the "introduction letter" he attached to his complaint. *See* Dkt. 1–4. But in that letter, he states only the case number under which he was sanctioned. He does not mention that he was sanctioned in that case or why he was sanctioned. So another reason to dismiss the case is Rindahl's failure to follow the South Dakota's district court order by notifying this court that he was sanctioned by the South Dakota court. I will deny Rindahl's motion to reopen this case. If Rindahl ever files another case in this court *in forma pauperis*, he will need to comply with § 1915. Regardless whether his next case is filed *in forma pauperis* or not, he will also have to comply with the South Dakota order by either attaching a copy of the sanctions order or explaining in writing why he was sanctioned.

ORDER

IT IS ORDERED that plaintiff Randy Lee Rindahl's motion to reopen the case, Dkt. 8 and Dkt. 10, is DENIED.

Entered August 13, 2019.

BY THE COURT:

/s/

_____
JAMES D. PETERSON
District Judge